UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS MANUEL AYALA,

      Petitioner,

v.                                CASE NO. 6:13-cv-324-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).    Thereafter, Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 7).    Although Petitioner was given an opportunity to file a reply, he did not do so.

Petitioner alleges four claims for relief in his habeas petition: (1) trial counsel was ineffective for failing to object to the State's transferred intent argument; (2) trial counsel was ineffective for failing to object to the erroneous modification of the jury instructions; (3) his convictions for attempted murder and aggravated battery violate double jeopardy; and (4) trial counsel was ineffective for misadvising him to reject the State's plea offer. For the following reasons, the petition for writ of habeas corpus is denied.

## I.    *Procedural History*

Petitioner was charged with three counts of attempted first degree murder (counts

one through three), two counts of aggravated battery with firearm (counts four and five), and one count of shooting from a vehicle (count six).   After a jury trial, Petitioner was convicted as charged.   The jury made special findings as to each count that Petitioner actually possessed a firearm during the commission of the crimes.   The trial court sentenced Petitioner to three concurrent terms of life imprisonment, with a three-year mandatory minimum term, for counts one through three, to two concurrent thirty-year terms of imprisonment for counts four and five, also with a three-year mandatory minimum, and to a concurrent fifteen-year term of imprisonment for count six.[1]

Petitioner appealed, and while his appeal was pending he filed a motion to correct sentencing error pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure in which he alleged that the trial court's upward departure sentences were illegal.   The trial court granted Petitioner's motion, and held a new sentencing hearing.   The trial court resentenced Petitioner to the same sentences that were initially imposed.   Petitioner appealed and again filed a Rule 3.800(b)(2) motion to correct sentencing error.   The trial court denied the motion.   Furthermore, the Fifth District Court of Appeal affirmed Petitioner's convictions and sentences.   *Ayala v. State*, 976 So. 2d 43 (Fla. 5th DCA 2008). Petitioner filed a petition to invoke the discretionary review of the Supreme Court of Florida, however, that petition was denied.

Petitioner subsequently filed a Rule 3.850 motion for post-conviction relief in which

---

[1]These sentences constituted upward departures from Petitioner's guidelines range.

he alleged four claims.   The trial court held an evidentiary hearing on claim four, after which it denied the claim.   The trial court, however, granted claim one and vacated Petitioner's convictions as to counts one and two.   The trial court also denied Petitioner's remaining claims.   Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.   Petitioner also filed a Rule 3.800(a) motion to correct an illegal sentence. The trial court denied the motion.   The Fifth District Court of Appeal affirmed *per curiam*.

## II.   Legal Standards

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."   *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005).   The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the United
> States Supreme Court] on a question of law or if the state court decides a
> case differently than [the United States Supreme Court] has on a set of
> materially indistinguishable facts.   Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from [the United States Supreme
> Court's] decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."   *Id*.

Whether a state court's decision was an unreasonable application of law must be assessed

in light of the record before the state court.   *Holland v. Jackson*, 542 U.S. 649, 652 (2004)

(*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence

not presented to state court in determining whether its decision was contrary to federal

law).

   Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding."   A determination of a factual

issue made by a state court, however, shall be presumed correct, and the habeas petitioner

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.      *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.     *Id*. at 687-88.    A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.    *Id*. at 689-90.    "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."    *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).    In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court of the United States held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in

whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).    Under

those rules and presumptions, "the cases in which habeas petitioners can properly prevail

on the ground of ineffective assistance of counsel are few and far between."    *Rogers v.*

*Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.    *Analysis*

#### A.    *Claim One*

Petitioner alleges trial counsel was ineffective for failing to object to the State's

transferred intent argument (Doc. No. 1 at 9).    Counts one and two charged Petitioner

with the attempted murder of victims Jim Kennedy ("Kennedy") and Donnie White

("White") (App. A).    Count three charged Petitioner with the attempted murder of

victim Curtis Cortwright ("Cortwright").    *Id.*    At trial, the State maintained that

Petitioner's intent to murder Cortwright could be transferred to the other victims (App.

B at 408-11).    Petitioner raised this claim in his Rule 3.850 motion (App. KK).    The trial

court granted relief with regard to this claim and vacated Petitioner's convictions for

counts one and two (App. OO).    Therefore, this claim is denied as moot.[2]

---

[2]Petitioner does not argue here, as he did on direct appeal, that he is entitled to resentencing for counts three through six due to the vacatur of counts one and two (the counts related to White and Kennedy).    *See* App. QQ.    To the extent Petitioner has attempted to raise that claim, the Court notes that is was not preserved for appeal and thus, has been procedurally defaulted.    *See Meus v. State*, 968 So. 2d 706, 710 (Fla. 2d DCA 2007) (issues not raised in the post-conviction court and raised for the first time in an initial brief are waived).    The Court is precluded from considering this claim as it

### B.    Claim Two

Petitioner claims that trial counsel was ineffective for failing to object to the erroneous modification of the jury instructions (Doc. No. 1 at 11).    Respondents argue that this claim is vague, conclusory, and facially insufficient (Doc. No. 7 at 17).    The Court agrees.    Petitioner has not cited which jury instructions were erroneously modified.    Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim.    *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).    Accordingly, Petitioner is not entitled to relief on his claim.

To the extent that Petitioner has attempted to raise the same claim he raised in his Rule 3.850 motion (App. KK), the Court concludes that his claim is without merit.    In his Rule 3.850 motion, Petitioner argued that trial counsel was ineffective for failing to object to the attempted murder jury instructions on that basis that the instruction improperly lists all three victims with the word "or" between their names.    *Id.*   However, Florida

---

would be procedurally defaulted upon return to state court. *Smith v. Sec'y Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009).    Further, Petitioner has neither alleged nor shown cause or prejudice that would excuse any procedural default.    *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).    Likewise, he has not shown the applicability of the actual innocence exception. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Alternatively, Petitioner has not demonstrated that he is entitled to resentencing on counts three through six as valid aggravating factors exist to support the departure sentences despite the vacatur of counts one and two.    Specifically, evidence was presented that White suffered severe injury as a result of the aggravated battery and that in committing the aggravated battery upon White, Petitioner created a substantial risk of death or great bodily harm to many persons.    *See* § 921.0016(3)(i) & (l), Fla. Stat. (1995).

courts have held that it is not error to use the words "and" or "or" between the names of the victims in a jury instruction.   *Dempsey v. State*, 72 So. 3d 258, 261 (Fla. 4th DCA 2011). Petitioner has not demonstrated deficient performance on the part of counsel or prejudice.   Therefore, claim two is denied.

### C.   *Claim Three*

Petitioner claims that his convictions for attempted murder and aggravated battery violate double jeopardy (Doc. No. 1 at 13).   Petitioner raised this claim in his Rule 3.850 motion (App. KK), and the trial court denied the claim (App. OO).   The Fifth District Court of Appeal affirmed *per curiam* (App. SS).

Florida law provides that convictions for attempted first degree murder and aggravated battery do not violate double jeopardy.   *See Bradley v. State*, 901 So. 2d 924, 925 (Fla. 5th DCA 2005) (reasoning that each offense has an element distinct from the other and one offense is not a "degree variant" of the other) (citing *Gutierrez v .State*, 860 So. 2d 1043 (Fla. 5th DCA 2003)); *Schirmer v. State*, 837 So. 2d 587 (Fla. 5th DCA 2003)). Therefore, Petitioner cannot demonstrate deficient performance on the part of counsel or prejudice with regard to this claim.   Accordingly, claim three is denied pursuant to § 2254(d).

### D.   *Claim Four*

Petitioner claims that trial counsel was ineffective for misadvising him to reject the State's plea offer (Doc. No. 1 at 14).   Petitioner states that counsel never advised him that

he had been positively identified by several witnesses to the crime and that those witnesses would be testifying against him.   *Id.*   Petitioner states that had he been aware of these facts, he would have taken the State's thirty-year plea deal instead of going to trial.   *Id.* at 15.   Petitioner raised this claim in his Rule 3.850 motion (App. KK).   The trial court held an evidentiary hearing on this claim (App. NN).

At the post-conviction evidentiary hearing, Petitioner testified that his attorney never spoke to him regarding the witness statements or the police report in this case.   *Id.* at 10.   Additionally, Petitioner stated that he does not speak fluent English and when counsel advised him of the thirty-year plea deal, no interpreter was present to help him translate.   *Id.* at 11.   Petitioner testified that he did, however, understand that the State had offered thirty years in prison.   *Id.*   Petitioner also stated that he would not have entered the plea because he did not commit any crime.   *Id.*

Defense counsel Thomas Luka ("Luka") testified that he met with Petitioner on several occasions, and he brought another attorney who spoke Spanish to act as an interpreter.   *Id.* at 13.   Luka stated that he discussed with Petitioner the facts of the case, including the witness statements and police reports.   *Id.* at 13-14.   Luka stated that he recalled the trial judge offering a thirty-year sentence in exchange for a guilty plea.   *Id.* at 14.   On cross-examination Luka testified that he also explained the facts of Petitioner's case to Petitioner's family members, who assured him that they too had explained the facts of the case to Petitioner.   *Id.* at 15.   The State prosecutor, Greg Tynan ("Tynan"),

testified that he did not offer a plea in this case.    *Id.*    Tynan could not recall if the trial judge made a plea offer.    *Id.*

The trial court credited Luka's testimony over Petitioner's testimony and denied the claim pursuant to *Strickland*.    *Id.* at 22.    The trial court found the testimony reflected that counsel advised Petitioner regarding the witness statements and the facts of the case. *Id.* at 21-22.    The trial court also noted Petitioner had indicated that he would not have entered a plea to a crime he did not commit.    *Id.* at 21.    The Fifth District Court of Appeal affirmed *per curiam* (App. SS).

This Court must accept the state court's determination that Luka's testimony was more credible than Petitioner's testimony.    *See, e.g., Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsels'] testimony over [petitioner's].").    Additionally, the state court's factual findings are presumed correct, and Petitioner has not rebutted those findings by clear and convincing evidence.    28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).    Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of federal law, nor has he shown that the state court's denial of this claim resulted in an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.    28 U.S.C. § 2254(d). Accordingly, this claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found

to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Luis Manuel Ayala (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      This Court should grant an application for certificate of appealability only if the Petitioner makes a substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2).    Petitioner has failed to make such a showing.    *See* Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts.*    Accordingly, a Certificate of Appealability is **DENIED**.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 1st day of August, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies to:
OrlP-3 8/1
Luis Manuel Ayala
Counsel of Record